**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **YOLANDA MORGAN,**<br><br>**Plaintiff,**<br><br>**-v-**<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC. and CONNEX CREDIT UNION, INC.,**<br><br>**Defendants.** | **Civil Case Number:**<br><br>**CIVIL ACTION**<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff, Yolanda Morgan, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Experian Information Solutions, Inc. ("Experian"), negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2. Plaintiff further alleges that Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff, and that Defendants failed to conduct reasonable investigations in response to her consumer disputes.

3. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff, Yolanda Morgan ("Plaintiff"), is a resident of Hamden, Connecticut and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Experian Information Solutions, Inc. ("Experian") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. Experian is a corporation with its headquarters located in Costa Mesa, California.

9. Defendant Connex Credit Union, Inc. ("Connex") is a financial institution with its headquarters located in North Haven, Connecticut.

## FACTUAL ALLEGATIONS

10. This case relates to the reporting of Plaintiff's auto loan with Defendant Connex.

11. On or about November 4, 2024, Plaintiff's auto loan with Connex was paid in full.

12. Nonetheless, Plaintiff discovered thereafter that Defendant Experian was reporting the account as open and with a remaining balance of $33,184.

13. Accordingly, on or about November 22, 2024, Plaintiff sent a dispute regarding the Connex account to Experian, specifically indicating that the account had been paid in full and the reporting of an outstanding balance was inaccurate.

14. Upon information and belief, Connex received notice of Plaintiff's dispute.

15. Following receipt of Plaintiff's dispute, Experian refused to investigate, correct or

remove the inaccurate Connex account from the Plaintiff's credit file. Instead, that Experian purported to have verified the information as accurate.

16. Upon information and belief, Experian had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

17. Experian and Connex were each notified of Plaintiff's first dispute but failed to reasonably investigate and correct the inaccuracies in her consumer report.

18. At all times pertinent hereto, Defendants' violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681e, 1681i and 1681s-2(b) of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

19. Additionally, Defendants' violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

20. In any event, Defendants are liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

21. As a direct and proximate result of the Defendants' willful and/or negligent refusal to maintain reasonable procedures to ensure maximal accuracy as mandated by the FCRA, Plaintiff has been harmed in her daily life, by the impact that this derogatory information has had on her credit score and the defamatory harm that Plaintiff has suffered as a result of having this negative information disseminated to creditors. For example, Plaintiff has been denied credit due to these derogatory inaccuracies.

22. Defendants' violations of the FCRA further caused the Plaintiff great distress, anger, annoyance and frustration in her daily life, and subjected the Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free.

**COUNT I**
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST EXPERIAN**

23. All preceding paragraphs are re-alleged.

24. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

25. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate Connex account information being reported on the Plaintiff's credit report, especially where it would have received notice that Plaintiff's loan had been paid in full and had a zero balance.

26. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

**COUNT II**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST EXPERIAN**

27. All preceding paragraphs are realleged.

28. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

29. The FCRA provides that:

> "***if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file*** in accordance with paragraph

> (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

30. On or about November 22, 2024, the Plaintiff initiated a dispute with Experian requesting that they correct and remove the specific inaccurate items in her credit file that were patently inaccurate and damaging to her, including the inaccurate Connex loan account. Plaintiff specifically indicated that her loan had been paid in full and the balance should be $0.

31. However, Defendant Experian never adequately investigated the Plaintiff's disputes, as required by the FCRA.

32. Instead, Experian, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

33. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT III
## AGAINST CONNEX
## Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)

34. All preceding paragraphs are realleged.

35. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

36. On or about November 22, 2024, Plaintiff initiated a dispute with Experian disputing the accuracy of the account being reported by CONNEX.

37. Upon information and belief, CONNEX received notice of Plaintiff's dispute from the credit bureaus.

38. CONNEX was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

39. Even after Plaintiff properly disputed the Account with the credit reporting agency Experian, CONNEX refused to conduct a reasonable investigation and continued inaccurately reporting the Account on Plaintiff's credit report.

40. CONNEX's conduct violated section 1681s-2(b) of the FCRA.

41. As a result of CONNEX's conduct, Plaintiff was harmed, as discussed above.

## DEMAND FOR TRIAL BY JURY

42. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: August 5, 2026

By: /s/ Ari H. Marcus

Ari H. Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
ari@marcuszelman.com
*Attorney for Plaintiff*